### HOVLEY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 16, 1922.)

No. 3726.

Indictment and information ⊙⇒125(4)—Prostitution ⊙⇒3—Indictment held to sufficiently charge single offense under Mann Act.

Under Mann White Slave Act, § 5 (Comp. St. § 8816), the District Court had jurisdiction of a prosecution under an indictment charging, in a single count, procuring transportation for a woman in interstate commerce for immoral purposes, and procuring a ticket to be used by her for transportation from Chicago to Los Angeles for such purposes, though the first clause did not state where or in what district he procured such transportation; such indictment charging a single transaction and being sufficient to charge an offense.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Peter B. Hovley was convicted of violating the Mann White Slave Act, and he brings error. Affirmed.

Theodore Stensland, of San Diego, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., of Los Angeles, Cal., and Hugh L. Dickson, Asst. U. S. Atty., of San Bernardino, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellant was charged by an indictment, filed April 30, 1920, with violating the act commonly known as the "Mann White Slave Act" (Comp. St. §§ 8812–8819). The charging part of the indictment reads as follows:

"That Peter B. Hovley, whose full and true name other than as herein stated is to the grand jurors unknown, late of the Southern division of the Southern district of California, did, on or about the 13th day of February, A. D. 1920, knowingly, willfully, unlawfully and feloniously transport and cause to be transported, and aid and assist in obtaining transportation for, and in

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

transporting in interstate commerce a certain woman, to wit, Barbara Phillip, now Barbara Staalduynen, for the purpose of debauchery and for an immoral purpose, and with the intent and purpose to entice and induce the said Barbara Phillip, now Barbara Staalduynen, to give herself up to debauchery and to engage in an immoral practice, and did then and there procure and obtain, and caused to be procured and obtained, and aid and assist in procuring and obtaining a certain railroad ticket to be used by said Barbara Phillip, now Barbara Staalduynen, in interstate commerce, and in the transportation of the said Barbara Phillip, now Barbara Staalduynen, from the city of Chicago, in the state of Illinois, to the city of Los Angeles, in the state of California, for an immoral purpose, and with the intent and purpose then and there on the part of the said Peter B. Hovley to cause, entice, and compel her, the said Barbara Phillip, now Barbara Staalduynen, to give herself up to debauchery and to an immoral practice, to wit, to have sexual intercourse with and to be the mistress of the said defendant, Peter B. Hovley; the said Peter B. Hovley not being then and there the husband of the said Barbara Phillip, now Barbara Staalduynen."

The indictment contains but a single count. On this indictment appellant was arraigned in the United States District Court for the Southern District of California, Southern Division, on the 10th day of May, 1920, and pleaded not guilty thereto. Thereafter, on the 11th day of February, 1921, appellant withdrew his plea of not guilty and entered his plea of guilty of the offense charged in the indictment. On the 7th day of March, 1921, upon his plea of guilty, judgment was rendered against the appellant, and he was sentenced to imprisonment in the Orange county jail for the period of one year and to pay a fine in the sum of $1,000. On the 26th day of July, 1921, after several consecutive stays of execution of the sentence of imprisonment, the appellant entered upon the execution of said sentence. From this judgment appellant prosecutes this writ of error.

It is contended by the appellant that it does not appear by said indictment that the United States District Court for the Southern District of California had jurisdiction over the transactions referred to in said indictment. Section 5 of the Act of June 25, 1910, known as the Mann White Slave Act (36 Stat. 826 [Comp. St. § 8816]), reads as follows:

"That any violation of any of the above sections two, three, and four shall be prosecuted in any court having jurisdiction of crimes within the district in * * * which any such woman or girl may have been carried or transported as a passenger in interstate or foreign commerce, * * * contrary to the provisions of any of said sections."

In support of this contention of lack of jurisdiction appellant separates the allegations of the single count of the indictment into two distinct clauses, upon the ground that it charges two distinct transactions. In the first clause he places the charge of procuring transportation for Barbara Phillip in interstate commerce for the purpose of debauchery, etc. In the second clause he places the charge of procuring a railroad ticket to be used by Barbara Phillip for her transportation in interstate commerce from the city of Chicago, in the state of Illinois, to the city of Los Angeles, California, for the purpose of debauchery, etc. The claim is then made that the first clause does not state where or in what district he procured the transportation in interstate commerce for said Barbara Phillip, but it is charged in

the first clause that he procured the transportation of said Barbara Phillip in interstate commerce, and in the second clause it is charged that "then and there" appellant procured and obtained a certain railroad ticket for transportation of the said Barbara Phillip in interstate commerce from the city of Chicago, in the state of Illinois, to the city of Los Angeles, state of California. Manifestly there is here charged but a single transaction, namely, the procuring of transportation in interstate commerce of Barbara Phillip for the purpose of debauchery, etc., and for that purpose he "then and there" procured a railroad ticket for said Barbara Phillip from Chicago, in the state of Illinois, to the city of Los Angeles, in the state of California, thus fixing the time and place of the act charged against the appellant in transporting and causing to be transportated in interstate commerce the said Barbara Phillip for the purpose of debauchery, etc.

It is also contended that the facts stated in the indictment are not sufficient to constitute an offense, for the reason that it is not alleged that the procuring and obtaining of a railroad ticket was the act whereby Barbara Phillip was transported in interstate commerce. The analysis of the language of the indictment already made sufficiently answers this objection. The indictment informed the appellant sufficiently to put him on notice of the offense of which he was charged, and his arraignment and plea of guilty was an acknowledgment that it was sufficient, and that he was not in doubt as to the essential elements of the charge. The plea of guilty and the punishment imposed thereon would be a bar to any further prosecution under the statute upon any state of facts alleged in this indictment.

The judgment of the District Court is affirmed.